**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| BELEN ORTIZ FUENTES,<br><br>    Plaintiff,<br><br>        v.<br><br>PROCTER & GAMBLE, ET.AL.,<br><br>    Defendants. | CV. NOS. 05-1096(PG) |

**OPINION AND ORDER**

Before the Court is plaintiff Belen Ortiz Fuentes' "Motion for Reconsideration or to Alter or Amend Judgment." (Docket No. 71). For the reasons set forth below, plaintiff's motion is **DENIED**.

A motion for reconsideration is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure. Rosario Rivera v. PS Group of P.R., Inc., 186 F. Supp. 2d 63, 65 (D.P.R. 2002). See generally Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment.") (emphasis supplied). These motions should be granted to correct "manifest errors of law" or to present newly discovered evidence. F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992); Nat'l Metal Finishing Co. v. Barclaysamerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990). Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment." Pac. Ins. Co. v. Am. Nat'l. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Neither are Rule 59(e) motions appropriate "to repeat old arguments previously considered and rejected." Nat'l Metal Finishing Co., 899 F.2d at 123; accord Berrios-Berrios v. Commonwealth of P.R., 205 F. Supp. 2d 1, 2 (D.P.R. 2002); Colon v. Fraticelli, 181 F. Supp. 2d 48, 49 (D.P.R. 2002). For these reasons, motions for reconsideration are "extraordinary remedies which should be used sparingly," Nat'l Metal Finishing Co., 899 F.2d at 123, and are "typically denied," 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 128 (2d ed. 1995).

Cv. No. 05-1096 (PG) Page 2

    Quite simply, plaintiff's Motion for Reconsideration does not bring forth any new evidence, nor does it raise manifest errors or novel theories of law that would warrant reconsideration of the Court's September 29, 2006 order granting defendants' request to amend the judgment so as to reflect that the state law claims were dismissed with prejudice. The Court carefully reviewed the arguments raised by defendants in said motion and determined that indeed the judgment should be amended accordingly. (Docket Nos. 69 & 70.) The fact that plaintiff did not file an opposition to defendant's motion to amend the judgment further supports the conclusion that her motion for reconsideration should be denied. Because plaintiff merely restates arguments that were or could have been raised previously, her Motion for Reconsideration must be, and hereby is, **DENIED. (Docket No. 71.)**

    **IT IS SO ORDERED.**
    In San Juan, Puerto Rico, February 27, 2007.

                                                        S/JUAN M. PEREZ-GIMENEZ
                                                        U.S. DISTRICT JUDGE